# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DALE YARRINGTON, Defendant. | Case No. CR08-0062 ORDER FOR PRETRIAL DETENTION |

On the 11th day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Peter E. Deegan, Jr. The Defendant appeared personally and was represented by his attorney, Stephan A. Swift.

## RELEVANT FACTS

On October 7, 2008, Defendant Dale Yarrington was charged by Indictment (docket number 1) with possession of child pornography. Defendant entered a plea of not guilty and trial is scheduled for February 9, 2009.

By agreement of the parties, the facts relating to pretrial detention were submitted in the Pretrial Services Report and a proffer by counsel. Defendant is 42 years old and married. His wife and step-daughter live in the Philippines, where Defendant visited them earlier this year. Prior to his arrest, Defendant was living at his niece's home in Shenandoah, Iowa. Defendant told the pretrial services officer that if he were released prior to trial he would live at his parents' residence in Buckingham, Iowa. His parents are currently in Florida for the winter.

For the past ten years, Defendant has received social security benefits due to an injury sustained to his right arm when he was a child. Recently, however, Defendant tried

1

to obtain a job as a truck driver. The Government also proffered that Defendant "traveled around" as a siding applicator. Defendant told the pretrial services officer that he was diagnosed with depression over ten years ago and briefly took medication, but "has gone the past seven years without being treated for his condition." Defendant denies any drug or alcohol problems.

Defendant has a long criminal history. In 1985, Defendant was convicted of burglary in the second degree and two separate incidents of operating a motor vehicle without the owner's consent. Defendant initially received suspended prison terms on the charges, but his probation was revoked in October 1985 and he was sent to prison. Defendant was paroled in September 1986.

In September 1987, Defendant was charged with breaking and entering and embezzlement in North Carolina. In November 1987, Defendant was convicted in Iowa of assault with intent to inflict serious injury and eluding. As a consequence, in November 1987 his parole was revoked in Iowa. He was paroled in Iowa in October 1989 and sent to North Carolina to serve a prison term on those charges. He was paroled in North Carolina in May 1990.

In 1995, Defendant was sent to prison in Colorado for larceny. In 1997, Defendant was sent to prison in Wyoming for larceny. In 1999, Defendant was convicted in Iowa of identity theft and sentenced to two years in prison. In March 2000, apparently after having been released from prison, Defendant was convicted in Wisconsin for disorderly conduct related to domestic abuse.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of child pornography, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). This charge constitutes a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(C). No evidence was offered at the time of hearing and, therefore, the Court is unable to determine the "weight of the evidence against the Defendant." The Defendant does not have a stable residence. Prior to his arrest, Defendant was living with his sister in southern Iowa. If released, he would live in his parents' residence in Buckingham, Iowa. Defendant does not have steady employment. Both his prior job as a siding applicator and a potential job as a truck driver required him to travel. According to his report, Defendant suffers from untreated depression, but has no history of drug or alcohol abuse. Defendant has been imprisoned five times in four states, convicted of a crime in a fifth state, and was arrested on the instant charge in a sixth state.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to

18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 8, 2008) to the filing of this Ruling (December 11, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 12th day of December, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA